**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D N Y

★ NOV 04 2011 ★

LONG ISLAND OFFICE

-------------------------------------------------X

IN RE:

**Appeal Brief**

**OZELL NEELY,**

**CHAPTER 7
CASE 11-CV-1659 (JS)**

**Debtor.**

-------------------------------------------------X

**APPEAL BRIEF FROM AN ORDER OF THE HON. JUDGE ALAN S. TRUST**

**DATE OF ORDER: JANUARY 3, 2011**

Appellant, as pro se appellant, hereby respectfully appeal the order granting relief to automatic stay. Specifically, afferent asserts Movant, retained Pollack, Cooperman and Fisher, P.C. as opposing counsel to negotiate a repayment agreement.

In retaining opposing counsel this created an ethical conflict as they counseled your deponent with my preliminary bankruptcy petition. Opposing counsel swore to the Honorable Judge Alan S. Trust that no compensation was received by your deponent and no conflict of interest exists.

In truth, Pollack, Cooperman and Fisher, P.C. represented your deponent in New York State Supreme Court against the Plaintiff and then in that breath opposed me in Federal Court. Negotiated terms and conditions in Federal Court that the movant refuse to honor out of court.

## BACKGROUND

On the hearing dated August 31, 2010 McCabe, Weisberg and Conway, P.C. retained Pollack, Cooperman and Fisher, P.C. to represent RMS Residential Property LLC, N.A "Movant" Pollack, Cooperman and Fisher, P.C., was counsel that I retained in the preliminary stages prior to filing my bankruptcy.

At the August 31, 2010 hearing, I negotiated terms and conditions with attorneys from Pollack, Cooperman and Fisher, P.C. I did so completely unaware that they were from the law firm that initially counsel me in the preliminary stages prior to filing bankruptcy,  as opposing counsel they only introduced themselves by first name. The result of the negotiations was that I entered into a verbal agreement whereby the bank would accept monthly payments going forward.

The verbal agreement, along with the terms and conditions that I entered into with Pollack, Cooperman and Fisher, P.C. was never drafted and forwarded to me as promised.

It was after this failure to receive the written agreement that I attempted to contact opposing counsel and discovered that they had initially counseled me with bankruptcy procedural law and represented me in New York Supreme Court against the movant.

Your deponent then contract the chambers of the Court an informed the Court that a Motion would-be requested and that the plaintiff would be noticed to Appear before the Honorable Judge Alan S. Trust.

At the December 9, 2010 hearing, counsel for Pollack Cooperman and Fisher P.C. mis-spoke, in doing so deceived the Honorable judge Alan S. Trust and the Court ruled in their favor.

At the request of the Honorable Judge Alan S. Trust, Charles Fisher, Esq. counsel of Pollack, Cooperman & Fisher, P.C. appeared on the December 9, 2011 hearing and offered sworn testimony before the Honorable Allen S. Trust U.S. Bankruptcy Judge. Mr. Fisher testified that he collectively with his firm had limited if any knowledge of your deponent and receive no compensation, and was never fully retained.

Both Law firms affirm in an affirmation, stated that there was limited contact between the two counsels, Pollack, Cooperman & Fisher, PC and attorneys, McCabe Weisberg & Conway.

On March 17, 2011 Mr. Fisher, Esq. filed a notarized affirmation, **(**See affidavit attached hereto as **Exhibit "A")**. In his affirmation, Mr. Fisher affirms that his firm may have counsel me on a "foreclosure defense but that I did not" believe" that my firm had been formally retained or that my firm filed papers on his behalf."

On June 17, 2008, Howard Pollack, of Pollack, Cooperman & Fisher, PC my attorney filed a Motion in Nassau County State of New York, affirm under penalty of perjury that: "I am a member of Pollack, Cooperman and Fisher, P.C. attorneys for the defendant" "and I am fully familiar with the facts and circumstances hereinafter set forth and submit this affirmation In support of the instant motion" (See affidavit attached hereto as **Exhibit B)**

The motion, directly defended the subject property in Nassau County, State of New York, Court. At that time, Pollack, Cooperman and Fisher, P.C. did not have a "Chinese Wall" in their office. The office in its entirety appeared to be the size of A Court Room. Your deponent name is unique and extremely uncommon. I assert that the attorney's embellished their affirmations.

Attorneys for Pollack, Cooperman and Fisher, P.C. represented your deponent in New York State Supreme Court and then in that breath opposed me in Federal Court.

Negotiated terms and conditions in Federal Court that the movant refuse to honor which was a direct violation of the judge's order.


## ASSERTION


The Honorable Judge Alan S. Trust erroneously relied on the sworn testimony of opposing counsel for Pollack, Cooperman and Fisher, P.C., in reaching the conclusion that no conflict of interest existed and further ruled accordingly.

The attorney client privilege belongs only to the client and not to the attorney, As a result, The Movant, McCabe, Weisberg and Conway, P.C, Pollack, Cooperman and Fisher, P.C. waived your deponents privilege (see *Upjohn Co. v. U.S., 449 U.S. 383, 101 S. Ct 677, 66 L.Ed. 2d 584. (U.S. 1981)*

Attorney client privilege dates back to as early as First Century Ancient Rome. In the 1500's American Colonies adopted the attorney client privilege and "codified the privilege in the First Constitution in 1776".

Lawyers are members of the legal profession, as advocates a lawyer must zealously assert the clients position under the rules of the adversary system. ( see *N.Y. Rules of Professional Conduct, Rule 1. 6, Rule 1.9)*

Opposing counsel created a conflict of interest as they had formerly counseled me; prior to these proceedings and should have recused themselves instead of capitalizing on the inequity. Movant rescinded on a repayment agreement that allows your deponent to resume payments. It is that agreement that I looking to have enforced.

**THEREFORE** for all these reasons the lower Court decision should be reversed, the agreement that is spelled out in exhibit A should be drafted and honored or in the alternative is remanded for reconsideration.

Dated: November 4, 2011

Respectfully,

Ozell Neely

.

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:

                                                **AFFIDAVIT**

        Ozell Neely,                       CHAPTER 7
                                          CASE 09-74877
                                        Bankruptcy Judge:
                                        Hon. Alan S. Trust

                         Debtors.
------------------------------------------------------x
STATE OF NEW YORK)
COUNTY OF NASSAU ) ss.:

    <u>CHARLES J. FISHER,</u> being duly sworn, says:

    1.  I am a member of the law firm of Pollack, Cooperman & Fisher, PC.  I make this affidavit upon personal knowledge, based on the books and records maintained by Pollack, Cooperman & Fisher, PC, my conversations about the instant action, and any report I may have prepared contemporaneously with the December 9, 2010 appearance before this Court.

    2.  This affidavit is made in connection with a hearing held on August 31, 2010.  The hearing was requested by Debtor Ozell Neely, and Pollack, Cooperman & Fisher, PC, the firm with which I was then and am presently associated, appeared as local counsel on behalf of the Law Offices of Eileen Lin, for creditor's attorneys McCabe Weisberg & Conway P.C.

    3.  I have occasionally handled appearances, as requested, for Eileen Lin, Esq., and on this occasion, advised Ms. Lin that I would be out of town at the end of August and that, in my absence, an associate of Pollack, Cooperman & Fisher, PC might be able to appear.

    4.  An associate of Pollack, Cooperman & Fisher, PC, Lindsey Rohan, Esq., did agree to make such an appearance at the August 31, 2010 hearing, as requested by the Law Offices of Eileen

Lin.

5. Eileen Lin's office contacted Pollack, Cooperman & Fisher, PC, not for a matter about which her firm was retained, but in order to request that Pollack, Cooperman & Fisher, PC appear for creditor's counsel, McCabe, Weisberg & Conway, PC.

6. At the August 31, 2010 hearing, the borrower appeared, as did Lindsey Rohan, Esq. of Pollack Cooperman & Fisher P.C., and a settlement agreement was reached whereby the Debtor agreed to make payment in the amount of $20,811.51 on or before September 17, 2010, by certified check. This payment was to be mailed to McCabe, Weisberg & Conway, P.C and, in the event the payment was not received by September 17, 2010, the creditor was directed to issue a 10-day notice of default.

7. The above captioned bankruptcy case proceeded without further involvement of Pollack Cooperman & Fisher, PC.

8. Nevertheless, the Debtor petitioned the Court for a hearing at which the Debtor raised an issue of a possible conflict of interest by asserting that he had been previously counseled by Pollack, Cooperman & Fisher, PC, regarding bankruptcy.

9. I then appeared before the Bankruptcy Court on December 9, 2010, voluntarily, for the purpose of explaining to the Court my relationship with the Debtor.

10. During the December 9, 2010 appearance, I asserted to the Court that neither I nor my associate Lindsey Rohan, Esq., had ever met with the Debtor to counsel him on bankruptcy. I also asserted that my partner Howard K. Pollack, Esq. alone may have counseled the Debtor as to foreclosure defense but that I did not believe that my firm had been formally retained or that my firm filed papers on his behalf. I also went so far as to say that I did not believe the Debtor had ever paid my firm any money. These assertions were made by me based on a conversation I had about the

subject with my partner Howard K. Pollack.

11.  Moreover, at the December 9, 2010 hearing, as I recall it, the Honorable Alan S. Trust stated that he was ruling on the motion before him and that, in light of what he had heard and based upon the record before him, his decision would be the same, notwithstanding the Debtor's prior contact with my partner Howard Pollack.  The Court did not believe that such contact by the Debtor with my partner had such an impact on the matter before him that it would change his decision. These are my recollections and not the Court's words.

12.  Furthermore, it was discussed that the Debtor failed to disclose in his Statement of Financial Affairs that he sought counsel from the law firm of Pollack Cooperman & Fisher.

13.  At the December 9, 2010 appearance, the Court acknowledged the default had been over three (3) years and debtor's own sworn petition indicates the lack of equity in the subject premises. Hence, the stay was vacated under 11 USC s. 362(d) for cause, due to the substantial delinquency and also for lack of equity in the subject property.  Also, this being a chapter 7, the property was not necessary for an effective reorganization.

14.  The Honorable Alan S. Trust directed McCabe, Weisberg & Conway, PC to submit an order vacating the stay.

15.  As part of the Debtor's appeal from the December 9, 2010 decision, he presented a copy of a cancelled check made payable to Pollack Cooperman & Fisher, P.C.  When I questioned my partner Howard Pollack about said payment, he stated that it was a long time ago and that he did not remember taking the payment. He further stated that he remembered drafting state court papers for Mr. Neely and that Mr. Neely never re-visited our firm to pursue the matter. Mr. Pollack suggested that the payment was probably for his drafting of those papers that, again, were never used.

16.  To the best of my knowledge and recollection, Pollack, Cooperman & Fisher has not

been involved in the instant action aside from the limited appearance of associate Lindsey Rohan,

Esq., who made an appearance as local counsel on behalf of the Law Office of Eileen Lin who was

in turn petitioned by retained counsel, McCabe, Weisberg & Conway, PC.

Name:  Charles J. Fisher, Esq.
Title:   Member of Pollack Cooperman
         & Fisher, P.C.

Sworn before me this

17th day of March, 2011

Notary Public

HOWARD K. POLLACK
NOTARY PUBLIC, State of New York
No. 4860468
Qualified in County of Nassau
Commission Expires 5-5-14

# EXHIBIT B

SUPREME COURT STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------------------------X
RESIDENTIAL MORTGAGE SOLUTION LLC,

                Plaintiff,

    - against -

OZELL NEELY, CITIBANK, N.A. et al.

              Defendants.
-------------------------------------------------------------------------------------X

Index No.
07-018184


AFFIRMATION

       HOWARD K. POLLACK, an attorney duly licensed to practice law before the Courts of the

State of New York, affirms under penalty of perjury that:

       1.     I am a member of POLLACK, COOPERMAN & FISHER, P.C., attorneys for the

defendant Ozell Neely, and I am fully familiar with the facts and circumstances hereinafter set forth

and submit this affirmation in support of the instant motion, by Order to Show Cause, seeking an

Order:

          a) Vacating the Order of Reference entered herein on March 21, 2008;

          b) Vacating the Judgment entered May 22, 2008.

          c) Staying the foreclosure sale, if same has been scheduled.

          d) Vacating the default of the defendant herein and permitting said defendant to

          interpose an Answer to the Complaint; and

          e) For such other and further relief as this Court deems just, proper and equitable

          under the circumstances.

    2. As will be set forth in detail below, and is set forth in the annexed Affidavit of Ozell

Neely, proper service of the Summons and Complaint in this matter has not been made on Ozell

3

Neely. Therefore, this Court has not obtained personal jurisdiction over Ozell Neely and the Judgment of Foreclosure and Sale should be vacated by the Court.

3. This action was commenced by the plaintiff on or about October 11, 2007, by the filing of a Summons and Complaint( attached hereto as Exhibit "A").

4. The lawsuit was commenced to recover certain monies pursuant to a Note and Mortgage.

5. Ozell Neely was purportedly served by substituted service on a "Lisa Neely" on December 27, 2007, pursuant to an Affidavit of Service annexed hereto as Exhibit "B".

6. On May 22nd, 2008 a certain Judgment of Foreclosure and Sale was entered by the Clerk of Nassau County. A copy is not available as of yet as it has not reached the Clerk's file.

7. As is set forth in the annexed affidavit of Ozell Neely, he never received proper service of the Summons and Complaint in this action, no one by the name of "Lisa Neely" lives with him, he resides alone. Furthermore, he never received the requisite mailing of the Additional Notice pursuant to CPLR 3215 (G)(3).

8. Respectfully, pursuant to the sworn affidavit of Ozell Neely, this Court has never obtained proper personal jurisdiction over him in this case, and therefore, the Judgment of Foreclosure and Sale should be vacated and the Complaint should be dismissed and Ozell Neely should be afforded the opportunity to reinstate the subject mortgage.

9. Pursuant to the provisions of Section 202.7 of the Court Rules, this office faxed a letter to plaintiff's counsel on June 17, 2008 (attached hereto as Exhibit "C"), giving plaintiff's counsel notice that the within Order to Show Cause and Temporary Restraining Order was to be presented to the Ex Parte Office of this Court on Friday June 20, 2008 at 9:30 a.m.

10. No prior application for the relief sought herein has been made to this or any other Court.

4

WHEREFORE, it is respectfully requested that this Court grant the present motion, by Order to Show Cause, seeking an Order:

a) Vacating the Order of Reference entered herein on March 21, 2008;

b) Vacating the Judgment entered May 22, 2008.

c) Staying the foreclosure sale, if same has been scheduled.

d) Vacating the default of the defendant herein and permitting said defendant to interpose an Answer to the Complaint; and

e) For such other and further relief as this Court deems just, proper and equitable under the circumstances.

Dated: Massapequa, NY
June 17, 2008

_____
Howard K. Pollack, Esq.

5

# CERTIFICATE OF SERVICE

I, Ozell Neely, do hereby swear under penalty of perjury that service was effectuated upon the party named below by regular mail:

Kenneth P. Silverman, Trustee
Silverman Acampora, LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753

Diana G. Adams, U.S. Trustee
Office of the United States Trustee
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, New York 11722-4437

McCabe, Weisberg & Conway, P.C.
145 Huguenot Street, Suite 499
New Rochelle, New York 10801

Ozell Neely